*SEPTEMBER TERM, 1836.* 433

Strader *v.* The Board of Chosen Freeholders of Sussex County.

STRADER v. THE BOARD OF CHOSEN FREEHOLDERS OF SUSSEX COUNTY.

If upon the trial of an appeal the Court of Common Pleas is equally divided on the question of the right of the plaintiff below to recover, and dismiss the appeal, a *mandamus* will issue from this court to reinstate it.

A regular appeal from the judgment of a court for the trial of small causes, effectually supersedes that judgment, and the Common Pleas must re-try the cause on its merits, and give such judgment as the court below should have given.

An appeal was depending between the parties in the Common Pleas of Sussex. It came on to be tried upon the merits, and after hearing the evidence and the arguments of counsel, the court being equally divided on the question, whether the plaintiff below was entitled to recover; and therefore unable to decide the cause, ordered the appeal to be dismissed. Strader the appellant, having obtained a rule of this court, to show cause why a *mandamus* should not issue, requiring the Court of Common Pleas to restore the appeal, and proceed to judgment.

*Hamilton,* in support of that rule, cited *Cheesman and al.* v. *Leonard, Penn. R.* 411, *Harr. ed.; Marten* v. *Thompson and al.* 5 *Halst. R.* 142; *Elizabethtown* v. *Springfield, Penn. R. Harr. ed.* 359.

BY THE COURT. The rule must be made absolute. The court instead of dismissing the appeal, ought to have continued the cause and ordered a re-hearing. The effect of dismissing the appeal was not only to subject the appellant to the payment of costs, but to leave in full force, and thus in effect to affirm a judgment, from which the party had regularly appealed, without any decision on the merits of his case. Under the provisions of our statutes upon this subject, a regular appeal from the judgment of a court for the trial of small causes, effectually suspends, or rather supersedes that judgment; and the Court of Common Pleas must re-try the cause upon the merits, and give such judgment as the court below ought to have given.

CITED in *Rodenbury* v. *Rosebury,* 4 Zab. 493.